FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2026

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

JEFFREY LOUIS SANDAINE,

    Plaintiff,

    v.

ADVANCED DERMATOLOGY & SKIN SURGERY PLLC, INLAND IMAGING LLC, JOEL SEARS, Medical Vendor – ADSS PLLC Registered Agent, and AMANDA WILLIAMS, Medical Vendor – Director, Revenue Cycle,

    Defendants.

No.  2:25-cv-00318-SAB

**ORDER GRANTING MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 39. Plaintiff is representing himself in the matter. Defendants are represented by Patrick S. Keefe and Stephen M. Lamberson. The Motion was considered without oral argument.

On September 17, 2025, the Court dismissed Plaintiff's Complaint with leave to amend as it failed to meet pleading standards, reasoning that it was difficult to determine what Plaintiff's injuries are, what conduct Defendants engaged in to cause those injuries, and whether there is a sufficient connection

**ORDER GRANTING MOTION TO DISMISS * 1**

between that conduct and those injuries to give Plaintiff a right to recovery under any legal theory. After a series of extensions, Plaintiff filed an Amended Complaint (titled "Appellate Brief") on January 23, 2026, and filed an "Amended Appellate Brief" on January 30, 2026.

Defendants now request the Court dismiss Plaintiff's Amended Complaint with prejudice, as it fails to address the pleading deficiencies previously identified by the Court. Defendants further assert that this Court lacks jurisdiction over the matter, as Plaintiff brought the same claims in Spokane County District Court, which were denied, and Plaintiff appealed that decision to the Spokane County Superior Court, where the appeal was dismissed with prejudice. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (federal district courts do not have jurisdiction over appeals from final state court decisions); 28 U.S.C. § 1257.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the pleading contains sufficient factual allegations that enable the court to reasonably infer that the defendant could be liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant

**ORDER GRANTING MOTION TO DISMISS \* 2**

fair notice of what the… claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint from a *pro se* plaintiff is to be liberally construed and is held to less stringent standards than formal pleadings by a lawyer. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a *pro se* litigant is not excused from following the basic pleading requirements. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

The Court finds two grounds to dismiss Plaintiff's Amended Complaint. First, Plaintiff has failed to address the pleading deficiencies identified in the Court's prior Order dismissing the Original Complaint. Plaintiff fails to make any claims in clear, easy to understand language, and it is not possible to determine what specific actions the named Defendants engaged in to violate any of the federal laws Plaintiff references throughout the Amended Complaint. Second, the Amended Complaint should be dismissed as it appears Plaintiff intends to appeal final decisions made by the Spokane County District and Superior Courts, over which this Court lacks jurisdiction. *Noel*, 341 F.3d at 1154.

As Plaintiff has already been given an opportunity to amend his Complaint and failed to address the identified pleading deficiencies, it is clear any further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *see also* Fed. R. Civ. P. 15.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 39, is **GRANTED**.

2.     The above-captioned case is **DISMISSED with prejudice**.

3.     Any remaining motions are **DISMISSED AS MOOT**.

//

//

//

**ORDER GRANTING MOTION TO DISMISS \* 3**

4.      The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel and to *pro se* Plaintiff, and **close** the file.

**DATED** this 6th day of May 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO DISMISS * 4**